849 So.2d 790 (2003)
Kermit DALES
v.
CECO CONCRETE CONSTRUCTION.
No. 2002-CA-2740.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2003.
*792 William S. Vincent, Jr., William W. Meeks, Law Offices of William S. Vincent, Jr., New Orleans, LA, for Plaintiff/Appellee.
Philip J. Borne, Leslie E. Hodge, Christovich & Kearney, L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS JR.).
McKAY, Judge.
The defendant, Ceco Concrete Construction, seeks review of the workers' compensation judge's ruling that the plaintiff is entitled to continuing medical benefits and an award of penalties and attorney's fees.
The plaintiff, Kermit Dales, injured his right knee on May 23, 1998 while employed as a foreman for Ceco Concrete Construction. The plaintiff continued to work after the injury, taking only one day off for surgery on the knee. He was laid off by Ceco on October 27, 2000. While surgery on the knee was successful, the plaintiff still had some residual problems, including what he thought was a clicking coming from the right knee. The plaintiff's treating physician determined that the clicking was coming from the plaintiff's right hip and suggested that an MRI be performed. When the defendant denied payment for the MRI, the plaintiff filed a disputed claim for compensation on November 28, 2000.
The trial of the matter was held on April 10, 2002. The workers' compensation judge took the matter under advisement and rendered a written judgment on August 22, 2002. The judge held that the plaintiff "failed to prove that the painless hip clicking, though possibly caused by his job related injury, prevents him from working, and he is therefore not entitled to any medical treatment of his hip." The judge further held that the plaintiff "is *793 working in pain in his right knee, and he is therefore entitled to continued medical treatment as prescribed by his treating physician, together with any and all diagnostic test and treatment recommended by his physician." The judge awarded plaintiff penalties of $2,000.00 for "defendant's failure, without reasonable cause, to provide continued medical care for his right knee." The judge also awarded plaintiff attorney fees of $8,000.00, finding defendant was "arbitrary and capricious in failing to pay indemnity benefits when due for at least six weeks following the surgery, having opted to pay claimant wages in lieu of workers' compensation benefits."
The defendant contends that the judge erred when she determined that the plaintiff was entitled to continuing medical benefits for his right knee and awarded plaintiff penalties for the defendant's alleged failure to provide continuing medical care for plaintiff's right knee. The defendant argues that the only issue before the judge was whether the plaintiff was entitled to benefits for his right hip. At the hearing held on April 10, 2002, the defendant sought to continue the matter because plaintiff had just informed his counsel and defendant that he had been injured in a subsequent accident. The judge denied the continuance, stating that she would only consider evidence relating to the issues on plaintiff's disputed claim for compensation filed on November 28, 2000. The form filed by plaintiff on that date referenced the accident of May 23, 1998 and indicated that the plaintiff suffered injury to his back, knee and hip. The pretrial statements filed by both plaintiff and defendant placed plaintiff's knee and hip injuries at issue. However, plaintiff's posttrial memorandum discussed only plaintiff's injury to his right hip and the need for medical treatment for the right hip.
Given that the disputed claim for compensation and the pre-trial memoranda raised the issue of the plaintiff's knee injury, the workers' compensation judge did not abuse her discretion when she considered evidence of whether the plaintiff was entitled to continuing medical benefits for his knee injury.
The next issue is whether the plaintiff produced sufficient evidence to support the judge's finding that he was entitled to continuing medical treatment for his knee injury.
In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Under this standard of review, an appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. After reviewing the entire record, the appellate court must determine if the factfinder's conclusion was reasonable. Where conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Id. at 738. If the factfinder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/01/97), 696 So.2d 551.
Whether a claimant has carried his burden of proof and whether his testimony is credible are questions of fact to be determined by the workers' compensation judge. Harris v. Coushatta Indus. Sand, Inc., 31,977 (La.App. 2 Cir.6/16/99), 741 So.2d 143. A claimant's burden of proof in establishing a causal relationship between a job related accident and a disability is by *794 a preponderance of the evidence. Durham v. Plum Creek Manufacturing, 32,888 (La.App. 2 Cir.5/10/00), 760 So.2d 564.
In determining whether the worker has discharged the burden of proof, the trier of fact should accept as true a witness's uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of his testimony. A worker's testimony alone may be sufficient to discharge the burden of proof provided that two essential elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the incident. Jackson v. Creger Automotive Co., Inc., 29,249 (La.App. 2 Cir. 04/02/97), 691 So.2d 824.
The plaintiff was the only person to testify at the hearing. The deposition and medical records of Dr. David W. Aiken, Jr., the plaintiff's treating physician, were introduced into evidence. Plaintiff stated that his knee was still causing him pain. However, he had not seen Dr. Aiken since January 10, 2000 at which time he told Dr. Aiken that he was still having pain in the right knee. The plaintiff stated that he had wanted to see Dr. Aiken but the defendant would not approve the visit. This was despite Dr. Aiken's correspondence to defendant that he wanted to see the plaintiff in August of 2000. It was not until September 12, 2000, that the plaintiff received a letter from the defendant authorizing a visit to Dr. Aiken. As of the date of the hearing, the plaintiff had not seen Dr. Aiken since January of 2000. The defendant produced no evidence to contradict plaintiff's evidence. Thus, the workers' compensation judge did not commit manifest error when she concluded that the plaintiff was entitled to continuing medical treatment for his knee.
As plaintiff was entitled to continuing medical treatment for his right knee, the workers' compensation judge also determined that the plaintiff was entitled to penalties for defendant's failure to provide continuing medical treatment. The defendant argues that the imposition of penalties was improper. The defendant also complains that the workers' compensation judge erred when she awarded plaintiff attorney fees for the defendant's alleged failure to pay compensation benefits.
The plaintiff testified at the hearing that he took only one day off for surgery and went back to work the next day. The plaintiff stated that his supervisor told him that it would be better for him to report to work. He would make one hundred per cent of his salary instead of sixty-six and two-thirds of his salary through workers' compensation benefits. In addition, the supervisor told him that he would save the company several thousand dollars. Plaintiff testified that when he returned to work the day after the surgery, he was given a sedentary job. Dr. Aiken testified in his deposition that he would not encourage anyone to return to work the day after arthroscopic surgery. Dr. Aiken stated, in correspondence to the defendant, six days after plaintiff's surgery, that the plaintiff would probably be able to return to regular duties in three weeks.
La. R.S. 23:1201(F) provides for the greater of $2,000.00 or a twelve percent (12%) penalty on any workers' compensation or medical benefits that an employer fails to pay pus reasonable attorney fees, unless the employer reasonably controverts the employee's claim for compensation or benefits. A claimant's rights to benefits are "reasonably controverted" if the employer's factual and medical information reasonably counters that of the claimant. Connor v. Jones Bros. Enterprises, *795 606 So.2d 996, 1004 (La.App. 4 Cir. 1992). Employers must demonstrate that they made reasonable efforts to ascertain the workers' exact condition before denying benefits. "An employer has an ongoing duty to review medical reports concerning an injured employee's disability, and may not deny or discontinue compensation based on inconclusive medical reports." Blanque v. City of New Orleans, 612 So.2d 948, 952 (La.App. 4 Cir. 1993). The determination of whether an award of penalties and attorney fees is warranted is a question of fact that shall not be disturbed unless manifestly erroneous or clearly wrong. Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, 1051.
In the case at bar, the plaintiff has shown that he was entitled to continued treatment with Dr. Aiken for his knee injury. The defendant has not produced any evidence to reasonably controvert plaintiff's evidence. Thus, the workers' compensation judge did not commit manifest error when she determined that the plaintiff was entitled to penalties for the defendant's failure to authorize continuing treatment for plaintiff's knee injury. Further, the workers' compensation judge did not commit manifest error when she awarded plaintiff attorney fees for the defendant's failure to pay compensation benefits. The defendant argues that since it paid plaintiff his regular salary, it did not have to pay plaintiff compensation benefits. However, plaintiff only received his regular salary because he returned to work the day after his surgery. As Dr. Aiken stated in his deposition and correspondence to the defendant, he advised plaintiff that he should not return to work until several weeks after the surgery. Despite Dr. Aiken's medical advice, the defendant suggested to the plaintiff that he return to work immediately after the surgery so defendant would not have to pay several thousands of dollars for workers' compensation. The workers' compensation judge did not commit manifest error when she found that the defendant's actions entitled plaintiff to an award of attorney fees.
Accordingly, the judgment of the workers' compensation judge is affirmed.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurring and assigning reasons.
I respectfully concur in order to assign additional reasons that, in my opinion, reinforce part of what the majority finds.
My review of the record establishes that the parties tried the issue of whether the plaintiff was in need of continuing treatment of his knee. I read the claim form submitted by the plaintiff to the Office of Workers' Compensation as broad enough to encompass the claim relating to the knee. To the extent that the issue may not have been specifically pleaded, I note La. C.C.P. art. 1154, which provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may *796 allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
In this case, to the extent necessary, I read the pleadings filed in this court as an implicit request for expansion of the pleadings.
I am loath to ever reduce an award of attorney's fees in a case because of the vast discretion afforded trial courts in such matters. Although the trial court failed to articulate any reasons why and how it arrived at the $8,000.00 fee and no evidence appears of record of the amount of time that the plaintiff's counsel expended on the plaintiff's case, I do not find that ultimately an $8,000.00 fee is not warranted.
When a record contains no evidence of the amount of time that counsel has expended on a case, the only way one can assess the effort that counsel expended is to examine the pleadings, transcript, and other documents in the record on appeal; some weight must be given to the effort that counsel expended in preparing the appellate brief. One makes a good faith effort to then arrive a reasonable fee under the circumstances. In reviewing all of same in this case, I think reasonable minds could say that the plaintiff's counsel expended fifty hours on this entire case (through and including the appeal). Therefore, although an award of $8,000.00 might have been excessive for the trial court because the plaintiff's counsel had not yet prepared the appellate brief, when one considers the time expended post-trial by counsel, the $8,000.00 fee is not unreasonable.