1CHARLES R. JONES, Judge.
The Office of Workers’ Compensation (hereinafter the “OWC”) awarded the Ap-pellee, John Seal, Jr., workers’ compensation benefits, attorneys fees and penalties for injuries sustained in a work-related accident. For the reasons set forth below, we affirm the award of worker’s compensation benefits, but reverse the award of attorneys’ fees and penalties.
Statement of the case
Mr. Seal was employed as a heavy equipment operator for the Appellant, Sewerage and Water Board of New Orleans (hereinafter the “S & WB”). According to the testimony of Mr. Seal, on January 8, 1997, at the end of his shift, he was walking to the bathroom when he made a sudden stop to turn toward his locker and twisted his left knee. He felt immediate pain and reported the incident *1067 to his supervisor. Pursuant to company policy, because an injury was reported, Mr. Seal was required to see a doctor.
Dr. Axelrod examined Mr. Seal on the day of the accident and diagnosed the injury as a sprain/strain of the left knee. Mr. Seal began treatment on January 17, 1997 with orthopedic specialists, Drs. Cazale and Mímeles. Dr. Cazale performed [¡.arthroscopy surgery on Mr. Seal’s left knee in March 1997. Mr. Seal treated with Drs. Cazale and Mímeles until July 2000, and received worker’s compensation benefits and medical expenses for the injury.
In February of 1998, Mr. Seal began experiencing pain in his right knee for which he sought treatment with Dr. Sketchier. Dr. Sketchier opined that the right knee pain was related to the initial accident. Thereafter, Dr. Laborde was appointed by the OWC to provide an independent medical evaluation of the right knee. Dr. Laborde agreed with Drs. Ca-zale and Mímeles that the pain in Mr. Seal’s right knee was not a result of the January 8, 1997 accident. Mr. Seal was denied payment of medical benefits for treatment to his right knee.
A hearing was held on January 8, 2008, and judgment was rendered on February 14, 2003, in favor of Mr. Seal, with the following findings by the OWC:
1. On January 8, 1997, claimant John Seal, Jr. was an employee of the Sewerage and Water Board, which was self-insured; (By stipulation)
2. Claimant was involved in an accident on January 8, 1997, (By stipulation) which arose out of and was within the course and scope of employment with his said employer; (By stipulation)
3. Claimant’s average weekly wage was $389.00; (By stipulation)
4. Claimant was injured as a result of said accident and it is undisputed that claimant suffered injury to his left knee, (By stipulation)
5. Claimant was injured as a result of said accident within the course and scope of his employment with defendant and which resulted in injury to his right knee;
6. Claimant has been and continues to be paid temporary disability benefits for his left knee. This is not at issue.
7. Claimant has been and continues to be paid medical expenses for injury to his left knee. This is not in dispute.
8. Claimant is entitled to have all medical bills and expenses, including mileage, at issue for his right knee | ¡¡paid by defendant, plus legal interest, until paid, on all unpaid medical bills and expenses;
9. Defendant did not carry its burden of proof under La. R.S. 23:1203E that defendant “communicated to claimant information, in plain language, regarding the procedure for requesting an independent medical examination in the event a dispute arises as to the condition of the employee ...” Therefore, pursuant to La. R.S. 23:1203E, defendant must pay for the medical care, service and treatment of claimant’s right knee.
10. Defendant employer did fail to authorize and or pay medical benefits pursuant to La. R.S. 23:1203E; and defendant did not “reasonably controvert” the claim nor did it “occur due to conditions over which defendant had no control.”
11. For violation of La. R.S. 23:1201E, attorneys fees are awarded in the *1068 amount of $3,500.00, which are assessed against defendant employer.
12. For violation of La. R.S. 23:1201E, a penalty is assessed against defendant employer in the amount of twelve percent of the unpaid compensation or a total of not more than fifty dollars per calendar day, whichever is greater, but with the $50.00 per day penalty not to exceed an aggregate of two thousand dollars under La. R.S. 23:1201F.
13. Costs of these proceedings are assessed against defendant employer.
Standard of Review
In a workers’ compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard. Dales v. Ceco Concrete Const., 02-2740 (La.App. 4 Cir. 6/4/03), 849 So.2d 790; Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Under this standard of review, an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. After reviewing the entire record, the appellate court must determine if the factfinder’s conclusion was reasonable. Where conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Id. at 738. If the Lfactfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/01/97), 696 So.2d 551.
Whether a claimant has carried his burden of proof and whether his testimony is credible are questions of fact to be determined by the workers’ compensation judge. Harris v. Coushatta Indus. Sand, Inc., 31, 977 (La.App. 2 Cir.6/16/99), 741 So.2d 143. A claimant’s burden of proof in establishing a causal relationship between a job-related accident and a disability is by a preponderance of the evidence. Durham v. Plum Creek Manufacturing, 32,888 (La.App. 2 Cir.5/10/00), 760 So.2d 564.
In determining whether the worker has discharged the burden of proof, the trier of fact should accept as true a witness’s uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of his testimony. A worker’s testimony alone may be sufficient to discharge the burden of proof provided that two essential elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the incident. Jackson v. Creger Automotive Co., Inc., 29,249 (La.App. 2 Cir. 04/02/97), 691 So.2d 824.
Appellant’s Argument
In its first assignment of error, S & WB assert that the OWC erred in ruling that the parties stipulated that the injury to claimant’s left knee arose out of, and was in the course and scope of his employment at the time of the injury. S & WB relies on the discussion that took place on the record at the beginning of trial to |5show that there was no such stipulation. In particular, when asked by the court what the issues were, S & WB responded, “Whether the alleged injury of January 8, 1997, arose out of the employment ... ”. The court then stated, “All right, so as I understand it, number one, whether the incident on January 8, 1997, was an accident and occurred within the course and scope of employment; is that correct?” S & WB responded “yes”.
*1069 S & WB further argues that beyond the fact that there was no stipulation, the Louisiana Worker’s Compensation Law provides compensation to a worker who suffers an injury by accident which occurs during the course of the employment and which arose out of the employment. In particular, S & WB submits that the principle objective of the “arising out of the employment” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. Mundy v. The Department of Health and Human Resources, 593 So.2d 346 (La.1992). S & WB contends that in Mr. Seal’s case, he was simply walking across a level surface when he stopped to change directions and twisted his knee. S & WB therefore argues that this was not an employment risk, as it was not related to the nature of the employment.
In its second assignment of error, S & WB asserts that the OWC erred in finding that the condition of Mr. Seal’s right knee was a result of the January 8, 1997 incident. In support of this argument, S & WB relies on the opinions of Mr. Seal’s treating physicians, Drs. Cazale and Mí-meles. S & WB submits that both doctors opined that the pain in Mr. Seal’s right knee was degenerative and was not related to the injury of his left knee. S & WB further points out that Dr. Laborde, the independent medical examiner, concurred with the opinions of the treating physicians, and only in the opinion of Dr. Sketchier, who Mr. Seal did not see until 1 f;July 2000, was the pain in his right knee partially related to the injury to the left knee. S & WB suggests that the opinions of the two' treating physicians and the independent medical examiner should control.
In its third and fourth assignments of error S & WB argues that the OWC erred in ruling that S & WB violated La. R.S. 23:1203(E) and in finding that appellant failed to carry the burden to prove compliance with the statute. La. R.S. 23:1203(E) provides:
Upon the first payment for a claimant’s medical care, service, or treatment, the payor, as defined in R.S. 23:1142(A)(1), shall communicate to the claimant information, in plain language, regarding the procedure for requesting an independent medical examination in the event a dispute arises as to the condition of the employee. A payor shall not deny medical care, service, or treatment to a claimant unless the payor can document a reasonable and diligent effort in communicating such information. A payor who denies medical care, service, or treatment without making such an effort may be fined an amount not to exceed five hundred dollars or the cost of the medical care, service, or treatment, whichever is more.
S & WB submits that the issue regarding the communication of the independent medical examination procedure was never raised by Mr. Seal and was never discussed at trial. Accordingly, it is argued that for the OWC to rule that S & WB failed to carry the burden to show compliance with R.S. La. 23:1203(E) is not supported by the record.
In assignments five, six and seven, S & WB asserts that the OWC erred in ruling that it did not “reasonably controvert” the claim, thereby assessing attorneys fees and penalties. S & WB contends that in denying the claim for injury to Mr. Seal’s right knee, it reasonably relied on the sound medical opinion of two physicians who treated him for over two years and of *1070 the objective findings of the independent medical examiner.
[ 7LegaI Analysis
After a thorough review of the record, we conclude that the finding by the OWC that Mr. Seal injured his left knee in the work related accident of January 8, 1997, was not manifestly erroneous. Mr. Seal’s version of the incident was not disputed, and in fact, the testimony of Hillary Williams, Mr. Seal’s supervisor, corroborated his claim. Mr. Williams testified that at the time of the incident, he thought he witnessed Mr. Seal actually fall to the floor. He further testified that Mr. Seal told him that he tripped, causing him to injure his knee. Mr. Seal’s claim is also corroborated by the fact that he reported the incident immediately and sought medical attention the same day. The diagnosis of a strain/sprain of the left knee was also consistent with Mr. Seal’s claim. Accordingly, we find that Mr. Seal carried his burden of proof to establish a work-related accident, and the question of whether the parties stipulated to this fact is inconsequential.
We further find no manifest error on the part of the OWC in determining that the injury to Mr. Seal’s right knee was a result of the January 8, 1997 incident. We recognize that this opinion was not shared by all of the medical experts in this case however, the opinion of Dr. Sketchier did support this finding. Specifically, Dr. Sketcher stated in his April 25, 2001 report that “Mr. Seal does have bilateral knee disease with a history of injury to one knee on the job. Over the years, in my opinion, his opposite right knee has gradually worn at least in part due to his opposite knee injury. Therefore, there is some work relatedness at least partially to his present right knee problems.” In light of the opinion of Dr. Sketcher, we cannot say that the finding of the OWC judge was manifestly erroneous or clearly wrong. It is well established that where there are two permissible views of the evidence, a factfinder’s choice between them |scan never be manifestly erroneous or clearly wrong. Stobart v. State Through Department of Transportation and Development, 92-1328 (La.4/12/93), 617 So.2d 880.
We next address the third and fourth assignments of error offered by S & WB wherein it is argued that the OWC erred in finding that S & WB violated the provisions of La. R.S.23:1203(E). S & WB is correct in saying that the issue of compliance with La. R.S. 23:1203(E) was never addressed at trial. The record is void of any evidence to show whether S & WB did or did not communicate to Mr. Seal the procedure for requesting an independent medical examination as required by the statute. The record does not support the OWC’s finding that S & WB violated La. R.S. 23:1203(E).
Finally, we must determine whether the OWC properly assessed attorneys fees and penalties in this matter. La. R.S. 23:1201(F) provides for the greater of $2,000 or a twelve percent (12%) penalty on any workers’ compensation or medical benefits that an employer fails to pay plus reasonable attorney fees, unless the employer reasonably controverts the employee’s claim for compensation or benefits. A claimant’s rights to benefits are “reasonably controverted” if the employer’s factual and medical information reasonably counters that of the claimant. Connor v. Jones Bros. Enterprises, 606 So.2d 996, 1004 (La.App. 4 Cir.1992). Employers must demonstrate that they made reasonable efforts to ascertain the workers’ exact condition before denying benefits. “An employer has an ongoing duty to review medical reports concerning an injured employee’s disability, and may not deny oy *1071 discontinue compensation based on inconclusive medical reports.” Blanque v. City of New Orleans, 612 So.2d 948, 952 (La.App. 4 Cir.1993). The determination of whether an award of penalties and attorneys fees is warranted is a question of Igfact that shall not be disturbed unless manifestly erroneous or clearly wrong. Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, 1051.
After a review of the entire record, we conclude that S & WB did reasonably controvert the claim by making a reasonable effort to ascertain whether the pain in Mr. Seal’s right knee was connected to the January 8, 1997 incident. Specifically, we find that S & WB reasonably relied on the opinions of Dr. Cazale and Dr. Mímeles, who treated Mr. Seal for over two years. Both physicians opined that the condition in Mr. Seal’s right knee was degenerative and was not related to the injury of the left knee. After receiving a report from Dr. Sketchier in April 2001, which suggested that the condition of the right knee was at least partially related to the accident, S & WB made further inquiry by having Mr. Seal evaluated by an independent medical examiner. Dr. Laborde agreed with Drs. Cazale and Mimeles that the condition of the right knee was not related to the accident. In light of this conflicting medical evidence, we are of the opinion that S & WB did reasonably controvert the claim and accordingly, it was error for the OWC to assess attorneys fees and penalties against S & WB.
Decree
For the reasons stated herein, the judgment of the OWC, granting Mr. Seal compensation benefits for the work-related injury to both his left and right knees, is affirmed. However, we find manifest error in the OWC’s ruling that S & WB violated La. R.S. 23:1201(E) and La. R.S. 23:1203(E), as the record does not support that ruling. Accordingly, that part of the judgment awarding attorneys fees and penalties is hereby reversed. Each party to bear the cost of this appeal.
AFFIRMED IN PART; REVERSED IN PART.