I ¡¿DOWNING, J.
An employer appeals a judgment rendered in workers’ compensation court decreeing that the employee’s respiratory, sinus, and dermatitis conditions developed in the scope of his employment from his repeated exposure to asphalt fumes. The employer also appeals the award of indemnity benefits, penalties, and attorney fees. *679 For the following reasons, we affirm in part and reverse in part.
FACTS AND PROCEDURAL HISTORY
Donald Ray Young worked on a road crew for Barber Brothers Contracting, LLC (Barber Bros.) off and on since 1989. He was hired the last time on March 9, 1998, and worked until he became ill on May 23, 2000. Young now has various maladies, including assorted respiratory problems such as asthma, shortness of breath, and other chronic pulmonary pathologies, as well as sinus, gastrointestinal and skin problems. After being treated at Earl K. Long Hospital, for a while, Young made a claim for workers’ compensation benefits. He continued treatment for over a year. During that time, he was not exposed to asphalt fumes, but still the symptoms persisted. Several physicians recommended that Young return to work and gave opinions that his illnesses had not been caused or aggravated by asphalt fumes. After receiving these reports, Barber Bros, suspended Young’s workers’ compensation benefits and filed a disputed claim form maintaining non-compensability for asphalt exposure. Young then filed his own disputed claim seeking benefits and indemnity.
This matter was heard June 20, 2002. Judgment was signed November 18, 2002. The workers’ compensation judge (WCJ) determined that Young’s respiratory, sinus, and dermatitis[1] conditions were sustained during the scope of his employment, but that his gastrointestinal conditions were unrelated. Temporary total disability benefits were awarded for the week of May 23, 2000, until May 30, |32000 at the rate of $298.75/week. Supplemental earnings benefits were awarded from August 11, 2002 to the date of trial at the rate of $298.75/week totaling $13,443.75. Barber Bros, was awarded a credit for any medical expenses paid for the unrelated medical conditions. Barber Bros; was assessed with $2,000.00 in penalties and $2,000.00 in attorney fees because of its failure to pay medical expenses and an additional $2,000.00 in penalties and $2,000.00 attorney fees was awarded for its failure to reinstate Young’s indemnity benefits. Barber Bros, appealed, alleging that the trial court erred in finding that Young suffered a compensable claim in the scope of his employment, and also erred in awarding indemnity benefits and in awarding penalties and attorney fees.
DISCUSSION
Causation
In order for the employee to recover workers compensation benefits, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. Walton v. Normandy Village Homes Assn. Inc., 475 So.2d 320, 324 (La.1985). If the employee suffered from a pre-existing medical condition, the employee may still prevail if he proves the accident aggravated, accelerated, or combined with the infirmity to produce the disability for which compensation is being paid. Peveto v. WHC Contractors, 93-1402, p. 2 (La.1/14/94), 630 So.2d 689, 691. The Louisiana Supreme Court recognized the existence of a presumption to aid plaintiffs in cases involving pre-existing conditions. Id. Specifically, when an employee proves that before the accident he had not manifested disabling symptoms, but commencing with the accident disabling symptoms appeared, and that medical or circumstantial evidence indicates a “rea *680 sonable possibility” of a causal connection between the accident and the activation of the disabling | condition, the employee’s work condition is presumed to have aggravated, accelerated or combined with his pre-existing disease to produce the disability. Id.
Barber Bros.’ first assignment of error alleges that the court erred in finding that Young proved his conditions arose out of the course and scope of his employment. Barber Bros, argues that Young did not carry his burden in establishing a causal link between the exposure and his condition. And even if the illness was preexisting, he did not prove that the condition was aggravated or accelerated by his duties in the scope of his employment. Barber Bros, contends that the trial court ignored the overwhelming medical evidence and opinions from physicians that Young’s symptoms could not be linked to his job as an asphalt paver. Barber Bros, also argues that the WCJ applied the wrong standard under Peveto because it presented overwhelming evidence that Young’s condition was not work-related and since none of Young’s physicians said it was work related.
In support of this, Barber Bros, offered the report of Dr. Robert Jones, a pulmonary physician with Tulane Medical Center who did not personally examine Young, but did make a report after reviewing his medical records. Dr. Jones said that asphalt fumes are not a cause of asthma, nor do they aggravate it in a sense of producing a long-term or indefinite worsening of the condition. He did concede that many irritating or odoriferous inhalants could cause some individual asthmatics to feel temporarily worse.
Barber Bros, also offered the report of Dr. Joseph R. Tamimie, of the Occupational Medical Clinic. Dr. Tamimie’s report stated Young’s exposure to asphalt fumes may have caused an upper respiratory irritation on one occasion but that it would be unlikely that exposure to asphalt would be the cause for his development of chronic upper respiratory problems. Also, Dr. Tamimie noted the fact that Young had not been exposed to asphalt for over a year and continued having symptoms supporting a conclusion that his chronic symptoms are not | .^associated with asphalt exposure. However, the report concluded, “Mr. Young should not have any further exposure to asphalt fumes or work with asphalt in the future, in that he obviously attributes many of his health problems to this type of work.”
The WCJ’s oral reasons stated that all the doctors agreed that the fumes from asphalt could have triggered respiratory, skin, and sinus problems. The WCJ recognized that Dr. Tamimie said that asphalt had been known to cause irritations of the eyes, nose and throat. The WCJ also noted that another pulmonary expert, Dr. Richard Hebert, reported that it was impossible to ascertain whether Young’s illness was initiated or aggravated by asphalt fumes, but anyone having bronchial or asthmatic symptoms would be susceptible to exacerbation by exposure to any type of inhaled irritant.
Young’s treating physician, Dr. Nnamdi A. Nwabueze, said asphalt had been implicated in respiratory illness, as well dermatitis and stomach ailments. He did not know if asphalt was the cause of Young’s respiratory problems, but stated that most likely something in his immediate environment triggers the attacks. He recommended that Young work in a clean environment.
Dr. Prem K. Menon, an allergist, reported that Young tested positive for allergic reactions to dust, mites, cat, dog allergens, feathers, various molds, grasses and trees. He could not determine if Young’s symp *681 toms were initiated by asphalt fumes, but recommended that he not be further exposed.
Once the employee has established the presumption of causation, the opposing party bears the burden of producing evidence to prove that it is more probable than not that the work injury did not accelerate, aggravate, or combine with the pre-existing injury to produce his disability. Preveto, 93-1402, pp. 2-3, 630 So.2d at 691. Medical testimony, albeit significant, is not conclusive as to the issue of causation, which is generally the ultimate fact to be decided by the court | fiafter weighing all the evidence. Id. In light of the opinions of Dr. Menon and Dr. Nwa-bueze, and bearing in mind the tenet that workers’ compensation laws are to be construed liberally, See Id., we cannot say that the WCJ was manifestly erroneous in concluding that Young’s respiratory and dermatology problems arose from his repeated exposure to asphalt while working for Barber Bros.
It is well established that where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous. Stobart v. State Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Thus, this assignment of error is without merit.

Indemnity Benefits

In its second assignment of error, Barber Bros.’ alleges that the WCJ erred in awarding indemnity benefits and argues that Frank Panepinto, the risk manager, testified that Young had been offered a number of light duty jobs and refused to take them. These jobs included traffic flagger, grade checker, road roller operator, street sweep operator, and gate monitor.
As discussed above, Dr. Menon and other doctors reported that Young should not be exposed to inhalant irritant materials including dust, molds, grasses, and asphalt. The WCJ found that Young was employable, but the jobs offered by Barber Bros, were all outdoors. We agree that these positions are outside and all involve being around the irritants Young is supposed to avoid. Accordingly, we cannot say that the WCJ was manifestly erroneous in making this determination. Thus, this assignment of error is without merit.

Penalties and Attorney Fees

Barber Bros.’ third assignment of error alleges that the WCJ erred in awarding $2,000.00 in penalties and $2,000.00 in attorney fees for its failure to pay indemnity benefits, and $2,000.00 in penalties and $2,000.00 in attorney fees for its failure to pay medicals.
|7The statutes providing for penalties and attorney fees are penal in nature and must be strictly construed. Patterson v. Long, 96-0191, p. 15 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, 1336. An assessment of penalties and attorney fees is proper unless the employee’s rights to benefits were reasonably controverted. Id. A claim is reasonably controverted if the employer’s factual and medical information reasonably counters that of the claimant’s. Seal v. Sewerage and Water Board of New Orleans, 03-0880, p. 8 (La.App. 4 Cir. 9/17/03), 857 So.2d 1065, 1070.
After a review of the entire record, we conclude that Barber Bros, did reasonably controvert the claim by making a reasonable effort to ascertain whether Young’s conditions were either caused or exacerbated by his employment. A doctor from the Occupational Medicine Clinic reported that Young could work within the medium category confines of the functional capacity evaluation, completed February 20, 2001. A pulmonary specialist reviewed *682 Young’s medical records and reported that the asphalt fumes were not a cause of the asthma, and the recurrences, long after exposure indicated his condition was not related to acute toxic occupational illness. Barber Bros, relied on these reports. Dr. Robert Jones reported: “If Mr. Young presently suffers from bronchial asthma, its ongoing activity is relatable to his documented sensitivities to multiple common, ordinary allergens such as dust, mold and pollens. He did not acquire those sensitivities because of past asphalt exposures.” Dr. Jones further stated, “That he happened to be employed at the time does not create a presumption that it was an occupational illness. He had worked with asphalt for years without documented complaint or illness.”
This opinion was reinforced when Young’s conditions did not abate after not having been exposed to asphalt for over a year. Had Young’s other treating physicians averred that his conditions were definitely caused from the asphalt | Sfumes, our position might be different. However, in light of the conflicting medical evidence, we conclude that Barber Bros, reasonably controverted this claim and accordingly, it was error for the WCJ to assess attorney fees and penalties against the employer.
DECREE
For the reasons stated herein, the judgment of the WCJ granting Donald Ray Young compensation benefits for his work-related injury is affirmed. However, the WCJ was manifestly erroneous in ruling that Barber Bros, violated La.R.S. 28:1201(E) and La.R.S. 23:1203(E), as the record does not support that ruling. Accordingly, that portion of the judgment awarding penalties and attorney fees is hereby reversed. In all other respects, the judgment of the Office of Workers’ Compensation is affirmed. The costs of this appeal are assessed against Barber Brothers Contracting, LLC.
AFFIRMED IN PART AND REVERSED IN PART.

. Young suffers from a persistent rash called Lichen Simplex Chronicus.