876 So.2d 240 (2004)
Paul OESTRINGER
v.
CITY OF NEW ORLEANS (Fire Dept.).
No. 2003-CA-2213.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 2004.
Rehearing Denied July 15, 2004.
*241 Christopher R. Schwartz, Christopher Schwartz, Metairie, LA, for Plaintiff/Appellant.
Wayne J. Fontana, Thomas Louis Colletta, Jr., Carin J. Dorman, Courtenay, Hunter & Fontana, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
DENNIS R. BAGNERIS, SR., Judge.
This is an appeal from a ruling of the Office of Workers' Compensation (OWC), approving the termination of supplemental earnings benefits (SEB) and denying attorney's fees and penalties. For the reasons assigned, we affirm.

FACTS AND PROCEDURAL HISTORY:
Claimant/appellant, Paul Oestringer, (Mr. Oestringer) began his employment with the City of New Orleans (the City), as a firefighter in December of 1966. On February 1, 1996, while participating in a work-related exercise, Mr. Oestringer injured his neck. As a result of the injury, Mr. Oestringer was placed on workers' compensation benefits and continued treatment under the care of his physician, Dr. Robert Ruel. Mr. Oestringer has not engaged in any employment since his injury.
In March 1996, Mr. Oestringer requested his retirement pension from the fire department. Mr. Oestringer is currently receiving his pension. In July 2001, after paying over 104 weeks of SEB, the City determined that Mr. Oestringer had retired from the workforce; and his benefits were thereafter terminated. On October *242 1, 2001, Mr. Oestringer filed a Disputed Claim for Compensation (Form 1008).[1]
On February 27, 2002, Mr. Oestringer completed a questionnaire that was sent to him by Management Services USA, the workers' compensation claims adjuster for the City. In that document, Mr. Oestringer indicated that: he was retired from all employment because he was totally disabled; he was not actively seeking employment; and he did not desire vocational rehabilitation. At trial on March 19, 2003, the OWC judge allowed the introduction of the document over the objection of Mr. Oestringer's attorney. The objection was based on the fact that the questionnaire was mailed directly to Mr. Oestringer and that Mr. Oestringer's attorney was not aware of it.
On July 10, 2003, the OWC judge rendered judgment, stating in pertinent part:
Claimant is not entitled to Supplemental Earnings Benefits (SEB). The court finds that claimant did retire or withdraw from the work force during the period that SEB was payable. Additionally, the court finds that the claimant did receive one hundred eighty weeks (180) weeks of SEB and that the defendant was entitled to terminate benefits pursuant to La. R.S. 23:1221(3)[c](iii);[2]
Defendant did terminate and/or refuse to pay workers' compensation benefits; but defendant is not found to have been arbitrary and capricious or without probable cause in its termination and/or refusal of workers' compensation benefits pursuant to La. R.S. 23:1201.2; and attorney's fees are not awarded.

DISCUSSION:
Mr. Oestringer filed this timely appeal arguing the following: 1) the OWC judge erred in finding that he retired from the work force; 2) the OWC judge erred in denying him the maximum 520 weeks of SEB as allowed by La. R.S. 23:1221(3); 3) the OWC judge erred by allowing the job search and vocational rehabilitation questionnaire into evidence; and 4) the OWC judge erred in failing to award him attorney's fees and penalties for arbitrary and capricious termination of benefits.
In opposition to this appeal, the City maintains that it clearly established that Mr. Oestringer retired or withdrew from the workforce, and that after paying over 104 weeks of benefits, the termination of benefits was proper under R.S. 23:1221(3)(d)(iii). The City further asserts that the OWC judge was correct in finding that the City was not arbitrary and capricious when it terminated Mr. Oestringer's SEB.
In a worker' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Dales v. Ceco Concrete Const., 02-2740, p. 3 (La.App. 4 Cir. 6/4/03), 849 So.2d 790, 793. Under this standard of review, an appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. Id. After reviewing the entire record, the appellate court must determine if the factfinder's conclusion was reasonable. Where conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Id.
We address Mr. Oestringer's first two assignments of error in tandem. The *243 OWC judge determined that Mr. Oestringer had retired from the workforce pursuant to La. R.S. 23:1221(3), which provides in pertinent part:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
The Louisiana Supreme Court found the portion of La. R.S. 23:1221(3)(d)(iii) that terminates benefits upon the claimant's receipt of social security old age benefits unconstitutional. However, the court expressly declined to consider the constitutionality of that portion of the act terminating benefits when the claimant retires. Pierce v. Lafourche Parish Council, 99-2854, p. 4 (La.5/16/00), 762 So.2d 608, 612. Moreover, the Court severed that portion of the statute that it declared unconstitutional. Id. at 615. See also, Randazzo v. Boh Bros. Const. Co., 01-1953 (La.App. 4 Cir. 3/27/02), 814 So.2d 671.
In Allen v. City of Shreveport, 93-2928 (La.5/23/94), 637 So.2d 123, the Court held that a worker retires under La. R.S. 23:1221(3)(d)(iii) when: (1) the worker withdraws from the work force; or (2) the worker draws old age social security benefits, whichever comes first. Id. at 126. When La. R.S. 23:1221(3)(d)(iii) speaks of retiring, it is not referring to the failure to work because of disability. It is referring to the worker who has no intention of returning to work regardless of disability. Id.
The fact that a worker may receive some form of pension or retirement benefits in connection with his retirement from a job because of disability does not constitute retirement under La. R.S. 23:1221(3)(d)(iii). Breaux v. Travelers Ins. Co., 526 So.2d 284, 290 (La.App. 3 Cir. 5/11/88). Where a worker has retired from a heavy work duty job but is still willing to take on light duty employment within the scope of the limitations imposed by their disabilities, then that worker is said not to have withdrawn from the workforce and is not considered to have retired under the statute. Palisi v. City of New Orleans Fire Dept., 95-1455 (La.App. 4 Cir. 3/12/97), 690 So.2d 1018, 1048. This court has stated that an employee who expresses his intention to both retire or stop working and not look for other employment, and who makes no effort to find another job, has retired within the meaning of La.R.S. 23:1221, Randazzo, citing Lytle v. City of New Orleans through New Orleans Fire Department, 96-0039, p. 5 (La.App. 4 Cir. 9/11/96), 681 So.2d 12, 15.
In deciding the issue of whether an employee has withdrawn from the workforce, the Louisiana courts have considered, on a case by case basis, whether the employee engaged in some type of employment or attempted to find employment subsequent to his injury. In this case, Mr. Oestringer's testimony and other elements of the record support the finding that he has indeed withdrawn from the workforce. Namely, in September of 1996, Dr. Ruel released Mr. Oestringer for sedentary work. Vocational rehabilitation was provided to Mr. Oestringer in 1997. CorVel Corporation conducted an employment search in which potential jobs were identified for Mr. Oestringer. Correspondence from Dr. Ruel to CorVel Corporation on January 15, 1997 confirms that Dr. Ruel approved some of the job positions. Mr. Oestringer did not indicate that he actively *244 sought employment with any of the identified employers. Vocational rehabilitation was offered to Mr. Oestringer in 2002 through Resolution Network, L.L.C., and Mr. Oestringer was provided with a list of potential jobs. Mr. Oestringer testified that he did not actively pursue any of the job possibilities because he felt that most of the jobs did not suit him or did not fit him. Mr. Oestringer has not returned to the workforce since his injury on February 1, 1996.
We conclude that Mr. Oestringer has retired, and we rely in part on the Management Services USA questionnaire, wherein Mr. Oestringer stated that he retired from all employment. We find no merit in Mr. Oestringer's third assignment of error concerning the introduction of this document at trial. Mr. Oestringer argues that the correspondence was an improper ex parte communication and that the correspondence was ambiguous because it did not notify the claimant that he was free to reconsider his decision to return to the workforce. The OWC judge allowed the document, finding that Mr. Oestringer was not denied the opportunity to have his attorney review the document before it was completed. The OWC judge further determined that he would let the document go to the weight of the evidence. We find no error in that decision. Mr. Oestringer's answers to the questionnaire clearly demonstrate that he considered himself retired, and we note that Mr. Oestringer testified at trial that he answered the questions honestly. On this record, we cannot say that the OWC judge was clearly wrong in concluding that Mr. Oestringer had withdrawn from the workforce, making him retired within the meaning of La. R.S. 23:1221(3)(d)(iii).
Finally, we address Mr. Oestringer's last assignment of error maintaining that the OWC judge erred in failing to award attorney's fees and penalties. "Whether an insurer acted in an arbitrary or capricious manner is a determination of fact, which should not be disturbed by the Court on review absent manifest error." Carter v. New Orleans Fire Dept., 94-0338 (La.App. 4 Cir. 11/17/94), 646 So.2d 455, 460, citing McCray v. Commercial Union Ins. Co., 618 So.2d 483, 489 (La.App. 4 Cir.4/28/93). It is clear from the testimony of Kevin Pierre, the adjuster who handled the workers' compensation claim for the City, that Mr. Oestringer's benefits were stopped after a determination that he had withdrawn from the workforce. We find that determination to be reasonable considering the circumstances of this case. Accordingly, we cannot say that the hearing officer was "clearly wrong" or "manifestly erroneous" in finding that the City was not arbitrary and capricious.
For the foregoing reasons, the judgment of the OWC, rendered on July 10, 2003, is affirmed.
AFFIRMED.
NOTES
[1] Medical benefits are not at issue on this appeal.
[2] The applicable section of the statute appears to be La. R.S. 23:1221(3)(d)(iii), which states that when the employee retires... the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.