885 So.2d 1234 (2004)
Roger D. CRAIG
v.
BANTEK WEST, INC.
No. 2003 CA 2757.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Rehearing Denied November 9, 2004.
William R. Mustian, III, Metairie, for Plaintiff-Appellant Roger D. Craig.
John J. Rabalais, Robert T. Lorio, Covington, for Defendant-Appellee Bantek West, Inc.
*1235 Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
In this workers' compensation case, the claimant appeals from a judgment granting his employer's exception raising the objection of prescription as to certain claims for penalties and attorney fees filed by the claimant. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
The claimant, Roger D. Craig, injured his left shoulder on December 14, 1999, while working for Bantek West, Inc. ("Bantek") as an armored car guard and ATM technician. According to the record, Mr. Craig's injury occurred while he was "lifting a tote bag of money/coins when [the] handle (plastic) broke [and he] jerked [his] arm trying to catch [the] tote." Mr. Craig subsequently underwent shoulder surgery, followed by physical therapy and orthopedic treatment. Mr. Craig was unable to return to work until September 24, 2000, at which time he began working as a surveillance investigator with a different employer.
On April 17, 2003, Mr. Craig filed a disputed claim for compensation against Bantek, alleging that he was entitled to multiple penalties for Bantek's violations of workers' compensation laws. Mr. Craig asserted that although he had received workers' compensation benefits from Bantek, the "benefits were paid late and/or stopped at various times." In response to Mr. Craig's claim, Bantek filed an exception raising the objection of prescription. Therein, Bantek argued that Mr. Craig's demands for penalties and attorney fees for alleged conduct that occurred more than one year prior to the filing of his action would be prescribed as a matter of law. Bantek maintained that Mr. Craig's "fault-based claims would be subject to the suppletive prescriptive period of Article 3492 of the Louisiana Civil Code, providing that delictual actions are subject to a liberative prescription of one year."
The matter proceeded to hearing on July 18, 2003, at which time the workers' compensation judge heard argument from counsel for both sides. At the conclusion of the hearing, the judge instructed counsel for both sides that a timeline of events was necessary in order to reach a decision on the exception. Thereafter, the parties submitted supplemental memoranda outlining their respective arguments. Mr. Craig provided the following details of his various claims for penalties and attorney fees:
December 14, 1999 Date of Injury
On December 14, 1999 Roger Craig was involved in accident arising out of and in the course and scope of his employment. Despite the clear and substantial evidence regarding a work related injury, his claim for compensation was originally denied. This error was later recognized and Mr. Craig's benefits were instated, albeit untimely.
September 24, 2000 Return to Work
As a result of his injury, Mr. Craig came under the medical care of Dr. Ralph Katz and Dr. Chris J. Digrado. As a result of Mr. Craig's injuries to his shoulder he was unable to return to work until September 24, 2000. Although Mr. Craig did return to work on September 24, 2000 he was unable to return to his previous occupation due [to] medically imposed work restrictions.
April 6, 2001 Acknowledgement of Mr. Craig's Entitlement to SEB Benefits
Despite the clear evidence establishing Mr. Craig's inability to earn 90% of his pre-accident average weekly wage, his employer did not properly investigate the issue of [Supplemental] Earning Benefits until April 6, 2001, seven (7) *1236 months after [he] returned to work. ... On April 6, 2001 it was finally acknowledged that Mr. Craig was entitled to SEB benefits. However, all past due compensation was not paid, instead Mr. Craig received payments in installments, in violation of the Act.
February 6, 2003, termination of Mr. Craig's SEB Benefits
On February 6, 2003, and without any reasonable justification, Employer terminated Mr. Craig's SEB benefits. ... Employer alleges that they were justified based on a medical report from Dr. Katz dated 12/1/00 but clearly this is not a valid justification as Employer waited 35 months after the issuing of this report to terminate his benefits. Once again and realizing their mistake Mr. Craig's SEB benefits were reinstated. As a result of Employer's numerous violations of Louisiana's Workers' Compensation Act, Mr. Craig filed a disputed claim for compensation based on his Employer's arbitrary and capricious actions in this matter.
In a judgment rendered on July 24, 2003, the workers' compensation judge granted Bantek's exception raising the objection of prescription as to the claims for penalties and attorney fees due to alleged misconduct on December 14, 1999; September 24, 2000; and April 6, 2001. With regard to the claim for penalties and attorney fees due to alleged misconduct on February 6, 2003, Bantek's exception was denied.[1] The judge rendered written reasons for judgment on August 19, 2003.
It is from this judgment that Mr. Craig has appealed, assigning the following specifications of error:
1. The trial court erred in holding that claims for penalties and [attorney] fees are delictual actions and in applying the one-year prescription found in Civil Code article 3492. If they are "torts" then the Office of [Workers'] Compensation has no jurisdiction over such claims. Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992). Thus, holding that such claims are "torts" leads to an absurd result of taking such claims out of the [workers'] compensation system and placing them in district court.
2. The trial court erred in failing to follow the precedent established by the Louisiana Supreme Court in Lester v. Southern Casualty Ins. Co., 466 So.2d 25 (La.1985), which held that the ten-year prescription of Civil Code article 3499 applies to actions under the Louisiana workers' compensation law for which R.S. 23:1209 provides no specific prescriptive period.

DISCUSSION
Generally, the party pleading prescription has the burden of proving the facts supporting the exception. However, where a plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Iverstine v. Albemarle Corp., 2002-2555, p. 7 (La.App. 1 Cir. 7/2/03), 852 So.2d 492, 497, writ denied, 2003-2583 (La.12/12/03), 860 So.2d 1154. Moreover, it is well settled under Louisiana law that the allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Griffin v. BSFI Western E & P, Inc., 2000-2122, p. 8 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 733.
In the instant case, Mr. Craig filed a disputed claim for compensation against Bantek alleging entitlement to "multiple penalties." Mr. Craig asserted "benefits *1237 were paid late and/or stopped at various times" by Bantek. The prescriptive period applicable to claims for workers' compensation benefits is set forth in La. R.S. 23:1209. Pursuant to section A of this statute, claims for workers' compensation benefits are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident. However, there is no reference in this statute to the prescriptive period applicable to claims for penalties and attorney fees.
Pursuant to La. R.S. 23:1201(F), penalties and attorney fees may be awarded as follows:
Failure to provide payment in accordance with this Section... shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim....
As set forth in La. R.S. 23:1201(F)(1), "[s]uch penalty and attorney fees shall be assessed against either the employer or insurer, depending upon fault." Moreover, no such penalties and attorney fees can be awarded "if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." La. R.S. 23:1201(F)(2).
The statutes providing for penalties and attorney fees are penal in nature and must be strictly construed. Barber Bros. Contracting v. Young, XXXX-XXXX, p. 7 (La.App. 1 Cir. 2/23/04), 873 So.2d 677, 681, writ denied, XXXX-XXXX (La.5/7/04), 872 So.2d 1084. Penalties should be enforced only in those instances in which facts clearly negate good faith and just cause in connection with refusal of allowance of compensation. Hebert v. South Louisiana Contractors, Inc., 238 So.2d 756, 761 (La.App. 1 Cir.1970).
After considering the evidence and the applicable law in the instant case, the workers' compensation judge concluded that a claim for penalties and attorney fees "necessarily implies wrongful conduct for inaction" and "involves an inquiry into fault as provided in La. R.S. 23:1201(F)(1)." Accordingly, the judge held that the one-year prescriptive period for delictual actions as set forth in La. Civ.Code art. 3492 "more appropriately applies to a claim for penalties and attorney fees."
We agree. Any adjudication of Mr. Craig's claims herein requires an inquiry into the fault of Bantek and/or its insurer and a determination of whether the parties' actions clearly negate good faith and just cause with respect to the handling of Mr. Craig's workers' compensation claim. Pursuant to La. Civ.Code art. 3492, "[d]elictual actions are subject to a liberative prescription of one year" that "commences to run from the day injury or damage is sustained." Mr. Craig's fault-based claims are clearly delictual in nature. Thus, we find no error in the finding by the workers' compensation judge that the prescriptive period provided for in Article 3492 applies herein.
On appeal, Mr. Craig argues that the Louisiana Supreme Court's decision in Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1992) supports his position that all delictual actions are outside the jurisdiction of the Office of Workers' Compensation. Mr. Craig further asserts that this court's decision in Clarendon *1238 Nat. Ins. Co. v. Weston, 97-1089 (La.App. 1 Cir. 5/15/98), 712 So.2d 628, stands for the proposition that claims for penalties and attorney fees under La. R.S. 23:1208 are within the jurisdiction of the Office of Workers' Compensation because such claims are not delictual actions. We find no merit to these arguments and disagree with Mr. Craig's interpretation of the holdings in Sampson and Clarendon as they relate to the case before us now.
The Sampson case involved an employee's suit in district court against her employer under La. R.S. 23:1361 for penalties resulting from her alleged retaliatory discharge. Arguing that the Office of Workers' Compensation had original, exclusive jurisdiction over workers' compensation matters pursuant to La. R.S. 23:1310.3, the employer filed exceptions raising the objections of prematurity and lack of subject matter jurisdiction. The district court overruled the exceptions, finding it had not been divested of jurisdiction over this claim because the cause of action for retaliatory discharge under La. R.S. 23:1361 constituted a claim for "civil penalties" rather than a suit for workers' compensation benefits. On appeal, the district court judgment was reversed based on a finding by the court that a claim for a retaliatory discharge constitutes a workers' compensation matter. The employee's suit was dismissed without prejudice, and a writ application to the Louisiana Supreme Court followed.
The Louisiana Supreme Court concluded that the retaliatory discharge claim at issue was an employment law matter rather than a claim for workers' compensation benefits or penalties for adjudication by the Office of Workers' Compensation. Sampson, 593 So.2d at 339. The court noted that although the retaliatory discharge provision was located in the Louisiana Workers' Compensation Act, "[t]he fact that the statute recognizing the cause of action for retaliatory discharge appears in the Chapter on Worker's Compensation does not alone make the action a worker's compensation matter." Id. at 338. The court continued, noting as follows:
Even if we were to find that the action for retaliatory discharge constituted a worker's compensation matter, district courts would still not be divested of jurisdiction as an administrative agency determination of this action has not been provided for by law. The claims for which hearing officers are given original, exclusive jurisdiction under LSA-R.S. 23:1310.3 are claims for any compensation or benefits. The Worker's Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits. See LSA-R.S. 23:1291 et seq.
Id. at 339. Thus, the Sampson court concluded that the district court was the proper forum in which to bring a claim for retaliatory discharge under La. R.S. 23:1361.
Contrary to Mr. Craig's argument on appeal, the Sampson case does not stand for the proposition that all delictual actions are outside the jurisdiction of the Office of Workers' Compensation. Rather, the court concluded that a claim for retaliatory discharge does not involve a "determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits" and, therefore, does not constitute a workers' compensation matter. Id.
In Clarendon, a workers' compensation insurer sought to discontinue paying benefits on the ground that the claimant made willful misrepresentations in violation of La. R.S. 23:1208. The workers' compensation judge ruled that the claimant had *1239 willfully made false statements and representations for the purpose of obtaining benefits and was, thus, in violation of La. R.S. 23:1208. The claimant appealed the judgment of the workers' compensation judge and, relying on the case of Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. 5/14/97), 696 So.2d 73, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330, filed a declinatory exception in this court raising the objection of lack of subject matter jurisdiction.
In Grant, the third circuit concluded that when an employee violates La. R.S. 23:1208, his actions are tortious in nature rather than a workers' compensation matter. The court noted as follows:
Following the reasoning in Sampson, we find that the penalties meted out by the hearing officer in accordance with La.R.S. 23:1208 against claimant clearly were not "directly associated with the employee's work-related injury," Sampson, 593 So.2d at 339. Instead, the nature of the cause of action embodied in La.R.S. 23:1208 is tortious/delictual in nature, falling beyond the jurisdictional authority of the hearing officer as authorized by La. Const. Art V, § 10(A)(B), § 16(A), La.R.S. 23:1310.3. Clearly, the misconduct characterized by La.R.S. 23:1208 falls within a well recognized area of tort law (the tort of fraud/deceit), and thus we conclude that the hearing officer and the Office of Workers' Compensation lacked jurisdiction to impose sanctions under La.R.S. 23:1208.
Grant, 96-1546 at 8, 696 So.2d at 77-78. Disagreeing with the third circuit's decision in Grant, the Clarendon court concluded as follows:
It is the opinion of this court that, unlike the retaliatory discharge addressed by the supreme court in Sampson, the controversion of a claimant's entitlement to workers' compensation benefits based upon willful false statements or representations is integrally related to the judicious administration of workers' compensation claims. La. R.S. 23:1310.3.
Clarendon, 97-1089 at 5, 712 So.2d at 630. Thus, the claimant's exception was found to be without merit.
On appeal, Mr. Craig contends that our decision in Clarendon stands for the proposition that claims for penalties under La. R.S. 23:1208 are within the jurisdiction of the workers' compensation court because such claims are not delictual in nature. Mr. Craig argues that Section 1208 misrepresentations are analogous to the improper behavior that prompts claims for penalties and attorney fees. Thus, Mr. Craig maintains, his claims in the instant case are similarly not delictual in nature. We find no merit to this argument. The decision in Clarendon rests solely on this court's determination that regardless of whether Section 1208 claims are delictual or not, such claims are "integrally related to the judicious administration of workers' compensation claims" and thus properly arise under the jurisdiction of the workers' compensation courts.
In his second assignment of error, Mr. Craig contends the precedent established by the Louisiana Supreme Court in Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985) mandates that the ten-year prescriptive period found in La. Civ.Code art. 3499 applies to his claims for penalties and attorney fees. Mr. Craig argues that because La. R.S. 23:1209 is silent as to a prescriptive period for claims for penalties and attorney fees, the logic of Lester is controlling in this case and the ten-year prescriptive period for a personal action should apply herein. We find no merit to Mr. Craig's argument that his claims for penalties and attorney fees against Bantek *1240 are subject to a ten-year prescriptive period.
The claim at issue in Lester involved an ongoing nonpayment of medical benefits pursuant to the Louisiana Workers' Compensation Act. Noting that La. R.S. 23:1209 did not specifically provide a prescriptive period for medical expenses, the Louisiana Supreme Court held that the ten-year prescriptive period for personal actions pursuant to La. Civ.Code art. 3499 was applicable. Lester, 466 So.2d at 28.
Subsequent to the decision in Lester, by Acts 1985, No. 926, § 1, effective January 1, 1986, the legislature added a prescriptive period to La. R.S. 23:1209 for medical benefits, which is now designated as Subsection C and provides as follows:[2]
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Nonetheless, we note that the Lester decision was limited to a claim for medical benefits. An employer has a statutory duty to furnish all necessary medical treatment caused by a work-related injury. La. R.S. 23:1203; Walker v. High Tech Refractory Services, Inc., XXXX-XXXX, p. 4 (La.App. 1 Cir. 6/25/04), 2004 WL 1418066, 885 So.2d 1185, 1188. Such is not the case with a fault-based claim for penalties and attorney fees pursuant to La. R.S. 23:1201(F), where the facts must clearly negate good faith and just cause in connection with an employer's refusal to pay workers' compensation benefits. Hebert, 238 So.2d at 761.
In the instant case, the workers' compensation judge opined that allowing a ten-year prescriptive period on a claim for penalties and attorney fees "would work absurd results and needlessly overburden the workers' compensation court system with stale claims." In written reasons for judgment, the judge further noted:
Claims for penalties and attorney fees arise at a specific point in time, namely the point in time at which a party allegedly fails to reasonably controvert a claim or arbitrarily and capriciously discontinues benefits. In situations such as the instant case where benefits are ultimately paid, albeit allegedly late, the "offending" party is entitled to notification within a reasonable period of time whether their alleged misconduct will be the subject of a claim for penalties and fees. Additionally, since the claim for penalties and attorney fees arises at the time of the alleged misconduct, this court can think of no good reason to allow a longer period of time for the penalty and attorney fee claim than is allowed for the actual claim for benefits.
We agree with this logical reasoning by the workers' compensation judge. It is well settled in Louisiana jurisprudence that the purpose of a prescription statute is to afford a defendant economic and psychological security if a cause of action is not pleaded timely and to protect the defendant from stale claims and the loss of relevant proof. Terrel v. Perkins, 96-2629, p. 4 (La.App. 1 Cir. 11/7/97), 704 So.2d 35, 38. As previously noted, a claim for penalties and attorney fees necessitates *1241 an inquiry into the fault of Bantek and/or its insurer and a determination of whether the parties' actions clearly negate good faith and just cause with respect to the handling of Mr. Craig's workers' compensation claim. Although such a claim is delictual in nature, it is "integrally related to the judicious administration of workers' compensation claims" and properly arises under the jurisdiction of the workers' compensation courts. See Clarendon, supra. Thus, we find no error in the application of the one-year prescriptive period set forth in Article 3492 to Mr. Craig's claims herein for penalties and attorney fees. Accordingly, the judgment sustaining Bantek's exception raising the objection of prescription as to claims for penalties and attorney fees due to alleged misconduct on December 14, 1999, September 24, 2000, and April 6, 2001, is affirmed.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the workers' compensation judge. All costs associated with this appeal are assessed against Roger D. Craig.
AFFIRMED.
NOTES
[1] This claim was ultimately dismissed on a motion for summary judgment, which judgment is the subject of a separate appeal to this court, Docket No. 2004 CA 0229, also decided this date.
[2] Thus, the ten-year prescriptive period provided for in Lester was only applicable from April 1, 1985, the date of the Lester decision, through January 1, 1986, the effective date of the Act.