WELCH, J.
lain this workers’ compensation case, St. Tammany Parish Hospital (“the hospital”), a health care provider, appeals a judgment in favor of defendants Trinity Marine Products, Inc. (“Trinity”) and Ace American Insurance Company (“Ace”), Trinity’s workers’ compensation insurer (collectively referred to as “the employer”), sustaining a peremptory exception raising the objection of prescription as to the hospital’s claim for penalties and attorney fees. We *987 reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
The underlying facts of this case are undisputed. On July 18, 2008, the hospital provided medical treatment to Adam Bonin, an injured employee of Trinity. On September 24, 2008, the employer issued a check to the hospital for the payment of those services; however, the payment was less than the amount billed by the hospital. Therefore, on November 18, 2009, the hospital filed a disputed claim for compensation due to the “[ijmproper and/or late payment of medical bills” by the employer. Additionally, the hospital asserted a claim against the employer for penalties and attorney fees pursuant to La. R.S. 23:1201(F)(4).[1]
The employer filed a peremptory exception raising the objection of prescription as to the claim for penalties and attorney fees.[2] The employer claimed that under this court’s opinion in Craig v. Bantek West, Inc., 2003-2757 (La.App. 1st Cir.9/17/04), 885 So.2d 1234, writ denied. 2004-2995 (La.3/18/05), 896 |3So.2d 1004, the one-year liberative prescription period set forth in La. C.C. art. 3492 for delictual actions was applicable to all claims for penalties and attorney fees under La. R.S. 23:1201(F). Since the hospital’s disputed claim for compensation was filed on November 18, 2009 — more than one year after the underpayment was made on September 24, 2008 — the employer claimed that the hospital’s claim for penalties and attorney fees had prescribed. The workers’ compensation judge (“WCJ”) agreed with the employer, and, relying on Craig, sustained the objection of prescription as to the hospital’s claim for penalties and attorney fees, even though the hospital’s underlying claim for the payment of its fee (which was subject to a three-year libera-tive prescription period under La. R.S. 23:1209(0) had not prescribed. After the peremptory exception raising the objection of prescription was sustained, the employer tendered to the hospital the amount of the disputed underpayment ($28.54), plus interest thereon ($2.32). Thereafter, the WCJ dismissed the hospital’s claim, and the hospital appealed.
On appeal, the hospital contends that the WCJ erred in determining that its claim for penalties and attorney fees had prescribed. The hospital argues that this court’s decision in Craig is distinguishable from the present case because Craig did not involve a claim by a health care provider for the payment or underpayment of its fee and did not discuss or interpret La. R.S. 23:1201 (F)(4), which is the basis of the claim for penalties and attorney fees. Additionally, the hospital claims that regardless of whether the applicable liberative prescription period for claims for penalties and attorney fees is one year or three years, under the plain language of La. R.S. 23:1201(F)(4), a health care provider’s claim for penalties and attorney fees does *988 not accrue until after the “health care provider prevails on a claim for payment of his fee.” The hospital further argues that since it had not yet prevailed on the claim for the payment of its fee, its claim for penalties and attorney fees had |4not accrued and could not be prescribed.
STANDARD OF REVIEW
Generally, the factual findings of a trial court (or of a WCJ) on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, is reviewed on appeal under the manifest error/clearly wrong standard of review. See Gilmore v. Whited, 2008-1808 (La.App. 1st Cir.3/31/09), 9 So.3d 296, 299; Dean v. Southmark Const., 2003-1051 (La.7/6/04), 879 So.2d 112, 117. However, in this case, the issue of whether the hospital’s claim for penalties and attorney fees under La. R.S. 23:1201(F)(4) was prescribed involves the proper application and interpretation of statutes. The proper application and interpretation of a statute is a question of law. Gilmore, 9 So.3d at 299; Cleco Evangeline, L.L.C. v. Louisiana Tax Com’n, 2001-2162 (La.4/3/02), 813 So.2d 351, 353. Questions of law are reviewed de novo, with the judgment rendered on the record, without deference to the legal conclusions of the tribunal below. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582 (La.11/29/06), 943 So.2d 1037, 1045. Therefore, on review, the issue before this court is the legal correctness of the WCJ’s determination that the hospital’s claim for penalties and attorney fees pursuant to La. R.S. 23:1201(F)(4) had prescribed.
LAW AND DISCUSSION
Generally, the prescriptive period applicable to claims for workers’ compensation benefits is set forth in La. R.S. 23:1209.[3] *989 However, this statute |sdoes not reference the applicable prescriptive period with regard to claims for penalties and attorney fees arising out of the failure to pay workers’ compensation benefits pursuant to La. R.S. 23:1201(F).
Louisiana Revised Statutes 2S:1201(F) provides that the failure to pay compensation or medical benefits as required in La. R.S. 23:1201 shall result in the assessment of a penalty, together with reasonable attorney fees for each disputed claim. Under La. R.S. 23:1201(F)(1), “[s]uch penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault.” The health care provider’s claim for penalties and attorney fees is set forth in La. R.S. |fi23:1201(F)(4), and provides:
In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
In Craig, a worker who was injured on December 14, 1999, filed a disputed claim for compensation on April 17, 2003, alleging that he was entitled to multiple penalties under La. R.S. 23:1201(F)(1) for his employer’s alleged misconduct or violations of workers’ compensation statutes that occurred on December 14, 1999, September 24, 2000, April 6, 2001, and February 6, 2003. Craig, 885 So.2d at 1235. However, the injured workers’ disputed claim for compensation did not make a claim for any underlying compensation benefits. The employer filed a peremptory exception raising the objection of prescription, claiming that its alleged conduct giving rise to the injured worker’s claims for penalties had occurred more than one year prior to the filing of the action. Craig, 885 So.2d at 1235. The WCJ sustained the objection as to the claims for penalties and attorney fees due to the alleged misconduct on December 14, 1999, September 24, 2000, and April 6, 2001,[4] and the injured worker appealed. Craig, 885 So.2d at 1236.
On appeal, this court determined that neither La. R.S. 23:1209 nor La. R.S. 23:1201(F)(1) sets forth when a worker’s claim for attorney fees and penalties arises or accrues and does not reference a specific prescriptive period for such claims, and reasoned that the injured worker’s claim for penalties and attorney fees necessitated an inquiry into fault and a determination of whether the non-paying party’s actions negated good faith and just cause. Craig, 885 So.2d at 1237 and |71240-41. This court then determined that the injured worker’s fault-based claim for penalties and attorney fees was delic- *990 tual in nature, and thus, the one-year li-berative prescription period for delictual actions set forth in La. C.C. art. 3492 was applicable. Craig, 885 So.2d at 1287. Since the injured worker’s disputed claim for compensation was filed on April 17, 2003, more than one year from the date that the employer’s alleged misconduct occurred (ie., December 14, 1999, September 24, 2000, and April 6, 2001), this court found no error in the WCJ’s determination that the injured worker’s claim for penalties and attorney fees had prescribed. Craig, 885 So.2d at 1241.
We find that Craig is distinguishable from the instant case. In Craig, this court was dealing with the issue of prescription on a worker’s (or employee’s) claim for penalties and attorney fees under La. R.S. 23:1201(F)(1), which did not accompany an original or underlying claim for benefits. In this case, the issue with which we are faced concerns a health care provider’s claim for penalties and attorney fees under La. R.S. 23:1201(F)(4), which was filed contemporaneously with an underlying claim for the underpayment of its fee.
The applicable statute herein, La. R.S. 23:1201(F)(4), is substantially different from the statute at issue in Craig, La. R.S. 23:1201(F)(1), which provides that penalties and attorney fees shall be assessed if the employer or its insurer fails to provide a compensation payment or medical benefit to the employee or fails to consent to the employee’s request to select a treating physician, with the penalty assessed and attorney fee assessed “depending upon fault.” As such, in Craig, this court correctly reasoned that the injured worker’s claim for penalties and attorney fees was fault-based and necessitated an inquiry into fault and a determination of whether the non-paying party’s actions negated good faith and just cause. However, in this case, the statute at issue, La. R.S. 23:1201(F)(4), deals solely with 18claims for penalties and attorney fees by health care providers due to an employer’s (or insurer’s) failure to pay the health care provider’s fee, and provides that the health care provider may be awarded penalties and attorney fees “[i]n the event that [it] prevails on a claim for payment of [its] fee.” Thus, this court’s holding in Craig — that the one-year prescriptive period set forth in La. C.C. art. 3492 is applicable to an injured worker’s claim for penalties and attorney fees under La. R.S. 23:1201(F)(1) that does not accompany an original or underlying claim for benefits — is not applicable to the resolution of the issue before us this case.
Thus, we must first determine when the health care provider’s claim for penalties and attorney fees accrues and the applicable prescriptive period for such claims. It is well settled that prescription cannot run against a cause of action or claim until it has accrued. See Reggio v. E.T.I., 2007-1433 (La.12/12/08), 15 So.3d 951, 957. The hospital’s claim is based on La. R.S. 23:1201(F)(4), which provides for an award of penalties and attorney fees to a health care provider in the event that it prevails on a claim for the payment of its fee. But it is the employer’s (or the insurer’s) failure to provide the payment of the medical benefit within the time period required for the payment of that medical benefit under La. R.S. 23:1201 that triggers the health care provider’s entitlement to a penalty. See La. R.S. 23:1201(F). Accordingly, we must conclude this is when the health care provider’s claim for penalties and attorney fees arises or accrues.
With regard to the applicable prescriptive period, in a series of cases factually similar to the case before us, our brethren in the Fourth Circuit Court of Appeal have determined that when a health care *991 provider makes a claim for penalties and attorney fees under La. R.S. 23:1201(F)(4), which accompanies a claim for the payment of his fee (medical benefits), if the underlying claim has not 19prescribed, then neither has the claim for penalties and attorney fees. See Touro Infirmary v. Fisk Corp., 2010-0105 (La.App. 4th Cir.7/28/10), 44 So.3d 874, 876; Touro Infirmary v. Wm. B. Reily & Co., Inc., 2010-0074 (La.App. 4th Cir.7/28/10), 44 So.3d 867, 869; Touro Infirmary v. Emeril’s Homebase, L.L.C., 2010-0104 (La.App. 4th Cir.7/28/10), 44 So.3d 871, 873; Touro Infirmary (Goodwin) v. Silocaf of New Orleans, 2010-0072 (La.App. 4th Cir.7/28/10), 44 So.3d 862, 864; Touro Infirmary v. Lowes New Orleans Hotel Corp., 2010-0103 (La.App. 4th Cir.7/28/10), 44 So.3d 869, 871; and Tulane University Hosp. & Clinic v. Lockheed Martin Corp., 2011-0179 (La.App. 4th Cir.6/29/11), 70 So.3d 988, 991.[5] But cf. Central Louisiana Ambulatory Surgical Center, Inc. v. Payless Shoesource, Inc., 2010-0086 (La.App. 3rd Cir.7/28/10) 46 So.3d 689, 697, abrogated on other grounds by Agilus Health v. Ac-cor Lodging North America, 2010-0800 (La.l 1/30/10), 52 So.3d 68; Musculoskele-tal Institute of Louisiana, APMC v. McDonald’s Corp., 45,629 (La.App. 2nd Cir.9/22/10), 48 So.3d 359, 366, abrogated on other grounds by Agilus Health v. Accor Lodging North America, 52 So.3d 68 (both providing that when a health care provider’s claim for penalties and attorney fees accompanies an underlying claim for benefits, if the underlying claim for benefits has not prescribed, then neither has the claim for penalties and attorney fees, but concluding that the health care provider’s claim for penalties and attorney fees does not arise or accrue until the health care | inprovider’s underlying claim for payment is adjudicated in its favor).
We agree with the rationale of the Fourth Gircuit — if a health care provider makes a claim for penalties and attorney fees under La. R.S. 23:1201(F)(4), which accompanies a claim for the payment of his fee, if the underlying claim has not prescribed, then neither has the claim for penalties and attorney fees. Thus, the applicable prescriptive period for a health care provider’s claim for penalties and attorney fees is the same prescriptive period that is applicable to its underlying claim for medical benefits. In accord St. Tammany Parish Hosp. v. Ace American Ins. Co., 2010-1480 (La.App. 1st Cir.6/16/11), 81 So.3d 3.[6]
As previously set forth, the applicable prescriptive period for claims for medical benefits is set forth in La. R.S. 23:1209(C), which provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever *992 barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
Herein, the employer had made a payment of medical benefits to the hospital; however, it was not the full amount billed by the hospital. Accordingly, under La. R.S. 23:1209(0, the hospital’s claim for the underpayment of medical benefits would not prescribe “until the expiration of three years from the time of making the last payment of medical benefits.” The uncon-tradicted evidence established that the employer’s “last payment” was made to the hospital on September 24, 2008. Thus, the three-year prescriptive period provided under La. R.S. 28:1209(0 for the underlying claim for medical payments and the claim for ^penalties and attorney fees under La. R.S. 23:1201(F)(4) began to accrue when the employer made the underpayment on September 24, 2008. The hospital filed its claim for the underpayment of its fee and for penalties and attorney fees on November 18, 2009, approximately one year and one month after the date of the last payment, and well within the three-year prescriptive period.
Since the hospital’s claim for penalties and attorney fees accompanied its underlying or original claim for the underpayment of its fee and since its underlying claim for the payment of its fee had not prescribed, the hospital’s claim for penalties and attorney fees also had not prescribed. Accordingly, the WCJ erred in sustaining the employer’s peremptory exception raising the objection of prescription as to the claim for penalties and attorney fees, and its judgment in this regard is reversed.
CONCLUSION
The judgment of the WCJ sustaining the peremptory exception raising the objection of prescription filed by Trinity Marine Products, Inc. and Ace American Insurance Company as to St. Tammany Parish Hospital’s claim for penalties and attorney fees and dismissing those claims is reversed. This matter is remanded to the Officer of Workers’ Compensation for further proceedings.
All costs of this appeal are assessed to Trinity Marine Products, Inc. and Ace American Insurance Company.
REVERSED AND REMANDED.
CARTER C.J., concurs in the results with reasons.
PARRO, J., concurs in the result for the reasons set forth in Judge CARTER’S concurring opinion.
KUHN, J., concurs for the reasons assigned by Chief Judge CARTER.
McCLENDON, J., concurs in the result for the reasons assigned by Judge CARTER in his concurrence.
HUGHES, J., concurs for the reasons assigned by CARTER, C.J.
GUIDRY, J., dissents and assigns reasons.
GAIDRY, J., dissents and assigns reasons.

. A health care provider's claim against the employer for underpayment of compensation benefits falls within the exclusive jurisdiction of the Office of Workers’ Compensation. See Baton Rouge General Medical Center v. Liberty Mut. Ins. Co., 2009-0316 (La.App. 1st Cir.9/11/09), 21 So.3d 990, 992, writ denied, 2009-2197 (La. 12/18/09), 23 So.3d 946; Millervillage Chiropractic Center v. East Baton Rouge Parish School Bd., 2008-1350 (La.App. 1st Cir. 12/23/08), 4 So.3d 846, 848. Moreover, the hospital specifically alleged that it was "not a PPO related claim.” See Broussard Physical Therapy v. Family Dollar Stores, Inc., 2008-1013 (La.12/2/08), 5 So.3d 812, 817.

. The employer did not challenge the timeliness of the claim for the improper payment (or underpayment) of the medical bills.

. Louisiana Revised Statutes 23:1209 provides:
A.(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
B. Any claim may be filed with the director, office of workers’ compensation, by delivery or by mail addressed to the office of workers’ compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. *989 Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
D. When a petition for compensation has been initiated as provided in R.S. 23:1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, that claim shall be barred as the basis of any claim for compensation under the Worker’s Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

. The WCJ overruled the objection of prescription as to the claim for penalties and attorney fees due to the employer’s alleged misconduct on February 6, 2003. However, this claim was subsequently dismissed on a motion for summary judgment, which was affirmed by this court in a separate appeal, Craig v. Bantek West, Inc., 2004-0229 (La. App. 1st Cir.9/17/04), 885 So.2d 1241.

. See also Rave v. Wampold Companies, 2006-0978 (La.App. 3rd Cir. 12/6/06), 944 So.2d 847, 855; Trahan v. City of Crowley, 2007-0266 (La.App. 3rd Cir. 10/3/07), 967 So.2d 557, 560, writs denied. 2007-2462, 2007-2741 (La.2/15/08), 976 So.2d 185 and 187; and Farley v. City of New Orleans, 2011-0301 (La. App. 4th Cir.5/20/11), 66 So.3d 1115, 1118, writ denied, 2011-1265 .^9/23/11), 69 So.3d 1163 (each providing that an employee’s claim for penalties and attorney fees is not prescribed, when such claims are accompanied by an underlying claim for benefits that has not prescribed). But cf. Seidl v. Zatarains, Inc., 2005-0780 (La.App. 5th Cir.3/28/06), 927 So.2d 557, 561 (concluding that an employee’s claim for penalties and attorney fees had prescribed based on this court’s holding in Craig, even though the claim for penalties and attorney fees accompanied an underlying claim for benefits that had not prescribed).

. An application for rehearing in St. Tammany Parish Hosp. was denied en banc on this date. That application for rehearing was considered in conjunction with our decision herein, St. Tammany Parish Hosp. v. Trinity Marine Products, Inc., 2010-1481 (La.App. 1st Cir.2/16/12), 91 So.3d 985.