KUHN, J.
IgBaton Rouge General Medical Center (BR General), a healthcare provider that rendered medical services to workers’ compensation claimant, Claiborne Hunter, appeals a judgment of the Office of Workers’ Compensation (OWC), sustaining a peremptory exception raising the objection of prescription asserted by defendants, employer, Genoble House, Ltd., and its insurer, Louisiana Restaurant Association, SIF (LRA), and dismissing BR General’s claim for penalties and attorney’s fees. In light of this court’s recent decision in St. Tammany Parish Hosp. v. Trinity Marine Products, Inc., 2010-1481 (La.App. 1st Cir.2/16/12), 91 So.3d 985 (en banc), we reverse and remand.
The following facts are undisputed in this case. Hunter was treated at BR General on July 11, 2006. BR General billed defendants $16,411.25. On October 6, 2006, LRÁ remitted payment to BR General in the .amount of $4,836.00, which included a statutory workers’ compensation discount $1,209.00. BR General filed this action with the OWC on August 14, 2008, averring that the payment made by defendants was an underpayment and/or late payment, and sought both the full amount of payment as well as penalties and attorney’s fees. After answering the lawsuit on November 13, 2009, defendants filed, on November 20, 2009, a peremptory exception of prescription. The OWC sustained the exception in a judgment signed on February 11, 2010. Notice of that judgment was never mailed.
On March 10, 2010, LRA paid BR General the full amount the healthcare provider claimed entitlement to for payment of its fee. On March 29, 2010, LRA filed a motion for summary judgment, seeking dismissal of BR General’s claims against it. OWC granted the motion and, noting its action of having sustained ^defendants’ exception of prescription on February 11, 2010, dismissed BR General’s claims.
This appeal, in which BR General challenges the OWC’s action of sustaining the peremptory exception of prescription, followed. Because notice of the February 11, 2010 judgment was never sent, we initially point out that BR General has timely appealed that ruling by the OWC. See La. R.S. 23:1310.5(B) (the delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by La. C.C.P. art. 1913, whichever is later).
In St. Tammany Parish Hosp., citing La. R.S. 23:1201(F),[1] a plurality rea *1045 soned that “it is the employer’s (or the insurer’s) failure to provide the payment of the medical benefit within the time period required for the payment of that medical benefit under La. R.S. 23:1201 that triggers the [healthcare] provider’s entitlement to a penalty.” That plurality, therefore, concluded, “this is when the |4[healthcare] provider’s claim for penalties and attorney[’s] fees arises or accrues,” and held that under La. R.S. 23:1209(0,[2] the healthcare provider’s claim for the underpayment of medical benefits prescribed at the expiration of three years from the time of making the last payment of medical benefits. St. Tammany Parish Hosp., 91 So.3d at 991-92.
If we were to apply this rationale to the facts of this case, BR General’s claim for penalties and attorney’s fees began to accrue on October 6, 2006, when defendants made the underpayment. And because BR General instituted this action on August 14, 2008, which was approximately one year and ten months after the date of the last payment, it was well within the three-year prescriptive period.
Another plurality in St. Tammany Parish Hosp. reached the same result but applied a different rationale. That plurality emphasized the delictual nature of the claim for penalties and attorney’s fees and suggested that because La. R.S. 23:1201(F), creating the cause of action for the healthcare provider’s claim, did not provide a time period for the claim to be asserted, the one-year prescriptive period of La. C.C. art. 3492 was the applicable prescriptive period. While pointing out that under La. C.C. art. 3492, the prescriptive period commences the | sdate that injury or damage is sustained, that plurality noted that prescription cannot run against a cause of action that has not accrued or while the cause of action cannot be exercised. St. Tammany Parish Hosp., 91 So.3d at 992-93. Because under the language of La. R.S. 23:1201(F)(4), a healthcare provider may only be awarded penalties and attorney’s fees “[i]n the event that [it] prevails on a claim for payment of [its] fee,” that plurality held that the healthcare provider’s claim does not accrue until it has prevailed on the merits of its claim for payment of its fee. Id. at 993.
If we were to apply this rationale to the facts before us, because it was not until LRA paid BR General the full amount of its fee on March 10, 2010 that BR General prevailed on the merits of its claim for payment of its fee, the lawsuit filed on August 14, 2008 was timely asserted.
Accordingly, under either plurality’s rationale, the facts presented in this appeal establish that BR General’s claim was timely asserted. Therefore, the OWC’s dismissal of BR General’s claim for penalties and attorney’s fees is reversed, and the matter is remanded for further proceedings. Appeal costs are assessed against defendants, Genoble House, Ltd., and its insurer, Louisiana Restaurant Association, SIF.
REVERSED AND REMANDED.
*1046 WHIPPLE, J., concurs.
GUIDRY, J., concurs and assigns reasons.

. La. R.S. 23:1201 provides in relevant part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner ...
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon *1045 actual hours worked may be awarded and paid directly to the health care provider.

. La. R.S. 23:1209(C) provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.