HIGGINBOTHAM, J.
lain this workers’ compensation case, a health care provider appeals a judgment sustaining a peremptory exception raising the objection of prescription as to its claim for penalties and attorney fees. For the following reasons, we reverse and remand for further proceedings.
It is undisputed that on December 27, 2005, Baton Rouge General Medical Center (“the health care provider”) rendered medical treatment to Patricia Bailey for a work-related injury. The total charge for the medical treatment was $607.00. On March 13, 2006, the health care provider received a discounted payment of $437.03 from Bailey’s employer, Barco Enterprises, Inc., d/b/a The Chimes, and the employer’s workers’ compensation insurer, Louisiana Restaurant Association Self Insurers Service Bureau (collectively referred to as “the employer”). On August 8, 2008, the health care provider filed a disputed claim for compensation due to the alleged underpayment and/or late payment of medical benefits by the employer.[1] Additionally, the health care provider simultaneously asserted a claim for penalties and attorney fees for the employer’s alleged arbitrary and capricious handling of the claim.
The employer filed an exception of prescription as to the health care provider’s claims for penalties and attorney fees, relying on Craig v. Bantek West, Inc., 2003-2757 (La.App. 1st Cir.9/17/04), 885 So.2d 1234, writ denied, 2004-2995 (La.3/18/05), 896 So.2d 1004. The employer argued that since the payment for medical benefits was made on March 13, 2006, and the health care provider’s disputed claim was filed more than one year after the payment, the penalties and attorney fees claim was prescribed.
|sThe workers’ compensation judge (“WCJ”) sustained the employer’s exception of prescription on February 11, 2010, finding that a one-year prescriptive period applied to the health care provider’s claim for penalties and attorney fees. After this ruling, the employer unconditionally tendered to the health care provider a payment of $119.73, which was the amount of the disputed underpayment, plus interest and costs. Since the health care provider’s claim for penalties and attorney fees had been dismissed as prescribed, the employer then filed a motion for summary judgment, maintaining that the unconditional tender resolved all remaining issues between the parties.
The WCJ granted the employer’s motion for summary judgment on June 24, 2010, in a final judgment, recognizing that the health care provider’s claims for penalties and attorney fees had been previously *1048 denied on February 11, 2010, and dismissing the health care provider’s remaining claims with prejudice. The health care provider appealed, seeking review of the WCJ’s dismissal of its claims, as well as the WCJ’s ruling on the employer’s exception of prescription.[2] The health care provider argued that |4since its claim for penalties and attorney fees under LSA-R.S. 2S:1201(F)(4) was simultaneously filed in conjunction with a timely claim for underpaid medical benefits, the WCJ erred in finding that the claim for penalties and attorney fees had prescribed.
Very recently, this court sitting en banc, considered the same legal issue that is involved in this case: namely, the appropriate prescriptive period for a health care provider’s claim for penalties and attorney fees in a workers’ compensation case pursuant to LSA-R.S. 23:1201(F)(4), when the health care provider had simultaneously filed a timely disputed claim for compensation due to an alleged underpayment of medical benefits.[3] See St. Tammany Parish Hosp. v. Trinity Marine Products, Inc., 2010-1481 (La.App. 1st Cir.2/16/12), 91 So.3d 985, 991. In that en banc plurality decision, this court distinguished Craig, and then determined that the applicable prescriptive period for a health care provider’s claim for penalties and attorney fees is the same prescriptive period that is applicable to its timely-filed underlying claim for medical benefits. Id., 91 So.3d at 991. This court further concluded that neither claim had prescribed since the health care provider had simultaneously filed a claim for penalties and attorney fees along with its timely-filed disputed claim for underpayment of medical benefits.
The applicable prescriptive period for claims for medical benefits, when payments have been made, is set forth in LSA-R.S. 23:1209(C), as “three years from the time of making the last payment of medical benefits.” The uncontradicted evidence established that the employer’s “last payment” in the case sub judice was made to the health care provider on March 13, | fi2006, and the health care provider simul *1049 taneously filed its underpayment claim in conjunction with its claim for penalties and attorney fees on August 8, 2008, well within the three-year prescriptive period. Accordingly, for the reasons assigned in St. Tammany Parish Hosp., 91 So.3d at 992, we find that the WCJ erred in sustaining the employer’s peremptory exception raising the objection of prescription as to the health care provider’s claim for penalties and attorney fees in this case.
Therefore, we hereby reverse the judgment dismissing the health care provider’s claim for penalties and attorney fees. This matter is remanded to the Office of Workers’ Compensation for further proceedings. All costs associated with this appeal are assessed against defendants/appellees, Louisiana Restaurant Association Self Insurers Service Bureau and Barco Enterprises, Inc., d/b/a The Chimes.
REVERSED AND REMANDED.
CARTER, C.J., concurs in the results.
PARRO, J., concurs in the result.

. This health care provider’s claim against the employer for underpayment and/or late payment of medical benefits falls within the exclusive jurisdiction of the Office of Workers’ Compensation. See St. Tammany Parish Hasp. v. Trinity Marine Products, Inc., 2010-1481 (La.App. 1st Cir.2/16/12), 91 So.3d 985, 987 n. 1.

. In general, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory or partial judgments prejudicial to it or that involve the same or related issues, in addition to the review of the final judgment dismissing all of its claims with prejudice. See Robertson v. Doug Ashy Bldg. Materials, Inc., 2010-1552 (La.App. 1st Cir.10/4/11), 77 So.3d 339, 345 n. 11, writs denied, 2011-2468 and 2011-2430 (La. 1/13/12), 77 So.3d 972 and 973; State ex rel. Div. of Admin., Office of Risk Mgt. v. National Union Fire Ins. Co. of Louisiana, 2010-0689 (La.App. 1st Cir.2/11/11), 56 So.3d 1236, 1242 n. 6, writ denied, 2011-0849 (La.6/3/11), 63 So.3d 1023; Judson v. Davis, 2004-1699 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112-13, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167. In this case, the partial judgment sustaining the exception of prescription as to only one claim was not designated as final for purposes of an immediate appeal, nor was there a determination that there was no just reason for delay. In addition, no parties were dismissed by the partial judgment. Thus, that partial judgment was interlocutory and not appealable. See LSA-C.C.P. art. 1915(B). See also Massi v. Rome, 2008-1281 (La.App. 5th Cir.6/23/09), 19 So.3d 485, 487; Raspanti v. Raspanti, 2005-738 (La.App. 5th Cir.3/3/06), 925 So.2d 676, 678; Eiswirth v. Anthony L. Golemi Contractor, Inc., 2002-1060 (La.App. 5th Cir. 1/28/03), 839 So.2d 346, 348. Therefore, we conclude that it is appropriate for us to review the partial judgment sustaining the exception of prescription in this unrestricted appeal of a final judgment dismissing the remainder of the health care provider’s claims.

. The health care provider’s claim for penalties and attorney fees is based on LSA-R.S. 23:1201(F)(4), which provides for an award of penalties and attorney fees in the event that the health care provider "prevails on a claim for payment of [its] fee.”