PARRO, J.
|2In this workers’ compensation case, Baton Rouge General Medical Center (BRGMC) appeals a judgment dismissing as prescribed its claim for penalties and attorney fees, which was based on the failure of Louisiana Restaurant Association, SIF and/or Italian Pie, L.L.C. (defendants) to pay BRGMC the unpaid portion of its fees for medical services provided to the defendants’ employee, Benjamin Delo-ny, after he was injured at work. For the following reasons, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On August 4, 2006, Delony was injured at work and was treated for his injuries at BRGMC. Only a portion of the fee for medical services was paid by the defendants, with the last payment being made on September 11, 2006. On August 26, 2008, BRGMC filed suit for its unpaid fees, pursuant to LSA-R.S. 23:1209(0, plus statutory penalties and attorney fees under LSA-R.S. 23:1201(F)(4). The defendants filed an exception raising the objection of prescription as to the claim for penalties and attorney fees. The workers’ compensation judge (WCJ) sustained the exception, leaving the claim for unpaid medical services as the only remaining issue. Subsequently, the defendants unconditionally tendered that amount to BRGMC, together with legal interest and costs, after which they moved for summary judgment on the grounds that the payment had satisfied all of BRGMC’s remaining claims. The WCJ granted the motion for summary judgment in favor of the defendants, noting in the judgment that, with the earlier claims for penalties and attorney fees having been dismissed as prescribed, the judgment effectively dismissed all of BRGMC’s remaining claims. BRGMC filed this appeal, asking this court to reverse the judgment on the grounds that its claim for penalties and attorney fees had not prescribed.[1]
*1055 UDISCUSSION
The defendants’ contention that BRGMC’s claim for penalties and attorney fees had prescribed is based on a case from this court, Craig v. Bantek West, Inc., 03-2757 (La.App. 1st Cir.9/17/04), 885 So.2d 1234, writ denied, 04-2995 (La.3/18/05), 896 So.2d 1004. In the Craig case, the injured employee sued his employer for penalties and attorney fees for several instances of arbitrary and capricious handling of his workers’ compensation claim. The WCJ sustained an exception raising the objection of prescription as to the employee’s claims for penalties and attorney fees, and the employee appealed. On appeal, this court noted that although the prescriptive period applicable to claims for workers’ compensation benefits is set forth in LSA-R.S. 23:1209, this statute made no reference to the prescriptive period applicable to claims for penalties and attorney fees. Craig, 885 So.2d at 1237. This court then analyzed LSA-R.S. 23:1201(F), which is the statutory basis for an award of penalties and attorney fees, noting that it also did not set out a prescriptive period for such claims. However, since such claims were to be assessed against either the employer or insurer, “depending upon fault,” this court agreed with the WCJ that because a claim for penalties and attorney fees necessarily implies wrongful conduct or inaction and involves an inquiry into fault, the one-year prescriptive period for delictual actions as set forth in LSA-C.C. art. 3492 more appropriately applies to such a claim. Because several of the employer’s actions giving rise to Craig’s claims for penalties and attorney fees had occurred more than a year before he filed his claim, those claims were prescribed. Id.
A more recent case from this court, St. Tammany Parish Hospital v. Trinity Marine Products, Inc., 10-1481 (La.App. 1st Cir.2/16/12), 91 So.3d 985, addressed the precise situation as that which is presented in the matter before us. Unlike the Craig case, which involved an employee filing a claim for penalties and attorney fees, the St. Tammany Parish Hospital case involved a health care provider claiming unpaid medical fees, as well as penalties and attorney fees. In that en banc plurality decision, |4five judges of this court distinguished Craig, and then determined that the applicable prescriptive period for a health care provider’s claim for penalties and attorney fees is the same prescriptive period that is applicable to its timely-filed underlying claim for medical benefits. Id., 91 So.3d at 991. Those five judges further concluded that neither claim had prescribed, since the health care provider had simultaneously filed a claim for penalties and attorney fees along with its timely-filed disputed claim for underpayment of medical benefits.
However, five other judges of this court concurred in the plurality decision, but disagreed with the rationale of the other five judges in reaching their conclusion. Although it was undisputed by all twelve judges of this court that the applicable prescriptive period for claims for medical benefits, when payments have been made, is set forth in LSA-R.S. 23:1209(C) as “three year,s from the time of making the last payment of medical benefits,” there *1056 was disagreement as to the commencement of the prescriptive period for a health care provider’s claim for penalties and attorney fees pursuant to LSA-R.S. 23:1201(F)(4). The five concurring judges subscribed to the legal position that LSA-R.S. 23:1201(F)(4) provides the health care provider with its cause of action for penalties and attorney fees. In particular, LSA-R.S. 23:1201(F)(4) provides, “[i]n the event that the health care provider prevails on a claim for payment of his fee, penalties ... and reasonable attorney fees ... may be awarded.... ” Under the plain language of this statutory provision, the health care provider’s cause of action for penalties and attorney fees does not accrue until the health care provider “prevails on a claim for payment of his fee.”
Under either interpretation, ten judges of this court agreed in the St. Tammany Parish Hospital case that the health care provider’s claim for penalties and attorney fees had not prescribed. Similarly, in the case before us, BRGMC filed its claim for penalties and attorney fees along with its claim for unpaid fees for medical services. Its claims were filed on August 26, 2008, which is within three years after September 11, 2006, when the last payment for medical services rendered to Delony was received from the 15defendants. Moreover, under the rationale of the five concurring judges, BRGMC had not yet prevailed on its claim for payment of its fee when it filed its claim for penalties and reasonable attorney fees. Until it had prevailed, its cause of action for penalties and attorney fees under LSA-R.S. 23:1201(F)(4) had not yet accrued, and therefore, could not have been prescribed. Therefore, under either rationale, we conclude that the WCJ erred in sustaining the peremptory exception raising the objection of prescription as to BRGMC’s claim for penalties and attorney fees.
CONCLUSION
Based on the recent plurality en banc decision of this court, the judgment of the WCJ sustaining the peremptory exception raising the objection of prescription as to BRGMC’s claim for penalties and attorney fees is reversed, and this case is remanded to the Office of Workers’ Compensation for further proceedings. All costs of this appeal are assessed to Louisiana Restaurant Association, SIF and Italian Pie, L.L.C.
REVERSED AND REMANDED.
HIGGINBOTHAM, J. concurs.

. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to *1055 seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. See Landry v. Leonard J. Chabert Med. Ctr., 02-1559 (La. App. 1st Cir.5/14/03), 858 So.2d 454, 461 n. 4, writs denied, 03-1748, 03-1752 (La. 10/17/03), 855 So.2d 761. The WCJ’s partial judgment sustaining the exception of prescription was not appealed and did not qualify as a final judgment under the provisions of LSA-C.C.P. art. 1915. Therefore, it was an interlocutory judgment, which, because a final judgment has been appealed, is now reviewable by this court.