McCLENDON, J.
|2In this workers’ compensation case, a health care provider appeals a judgment sustaining a peremptory exception raising the objection of prescription as to its claim for penalties and attorney fees. In light of our recent decision in St. Tammany Parish Hospital v. Trinity Marine Products, Inc., 10-1481 (La.App. 1 Cir. 2/16/12), 91 So.3d 985 (en banc), we reverse and remand.
In 2006, Baton Rouge General Medical Center (Baton Rouge General) provided medical services to Bobbie Harrell after he was injured at work. After receiving what it considered to be only partial payment for its services from Mr. Harrell’s employer and the Louisiana Restaurant Association Self Insurers Fund (collectively, the employer) on or about February 8, 2007, Baton Rouge General filed a disputed claim for compensation on August 26, 2008. In addition to the unpaid portion of its fees for services, Baton Rouge General also asserted a claim for penalties and attorney fees pursuant to LSA-R.S. 23:1201 F.
In response, the employer filed a peremptory exception raising the objection of prescription, arguing that the disputed claim was filed more than one year after the alleged underpayment was made, and the claim for penalties and attorney fees was therefore prescribed. The Office of Workers’ Compensation (OWC) sustained the exception as to the claim for penalties and attorney fees, and Baton Rouge General appealed.[1]
In St. Tammany Parish Hospital, a plurality of this court, citing LSA-R.S. 23:1201 F[2], reasoned that “it is the employer’s (or the insurer’s) failure to | ^provide the payment of the medical benefit within the time period required for the *1072 payment of that medical benefit under [LSA-]R.S. 23:1201 that triggers the health care provider’s entitlement to a penalty.” That plurality, therefore, concluded that “this is when the health care provider’s claim for penalties and attorney fees arises or accrues.” St. Tammany Parish Hospital, 10-1481 at p. 8, 91 So.3d at 990. The plurality held that under LSA-R.S. 23:1209 C[3], the health care provider’s claim for the underpayment of medical benefits prescribed at the expiration of three years from the time of making the last payment of medical benefits. St. Tammany Parish Hospital, 10-1481 at p. 10, 91 So.3d at 991-92.
In this matter, the uncontroverted evidence established that the employer’s “last payment” was made to Baton Rouge General on February 8, 2007. Baton Rouge General filed its claim for the underpayment of its fee and for penalties and attorney fees on August 26, 2008, well within the three-year prescriptive period.
Another plurality of this court in St. Tammany Parish Hosp. reached the same result but applied a different rationale. That plurality emphasized the delic-tual nature of the claim for penalties and attorney fees, and suggested that because LSA-23:1201F, creating the cause of action for the health care provider’s claim, does not provide a time period within which to assert the claim, the one-year prescriptive period of LSA-C.C. art. 3492 was the applicable prescriptive period. While pointing out that under Article 3492, the prescriptive period commences the date that the injury or damage is sustained, that plurality |4noted that prescription cannot run against a cause of action that has not accrued or while the cause of action cannot be exercised. St. Tammany Parish Hospital, 10-1481, 91 So.3d at 992-93 (Carter, C.J., concurring). Because a health care provider may only be awarded penalties and attorney fees “[i]n the event that [it] prevails on a claim for payment of his fee,” that plurality held that the health care provider’s claim does not begin to accrue until the health care provider has prevailed on its claim for payment of its fee. Id.
Applying this rationale to the matter before us, because it was not until the employer paid the full amount of the fee on September 21, 2010, that Baton Rouge General prevailed on its claim for payment of its fee, the instant suit filed on February 8, 2008, was timely asserted.
Accordingly, under either rationale, Baton Rouge General’s claim was timely asserted. Therefore, the decision of the OWC sustaining the peremptory exception raising the objection of prescription as to Baton Rouge General’s claim for penalties and attorney fees is reversed, and this matter is remanded to the OWC for further proceedings. Costs of this appeal are assessed to the Louisiana Restaurant Association Self Insurers Fund and Bobbie Harrell.
REVERSED AND REMANDED.

. After the peremptory exception raising the objection of prescription was sustained, the employer tendered the disputed underpayment amount ($1091.49) plus interest thereon ($122.42), for a total amount of $1213.91, to Baton Rouge General. Thereafter, the OWC signed a summary judgment dismissing the claim.

. Louisiana Revised Statutes 23:1201 provides, in relevant part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof. F. Failure to provide payment in accordance with this Section ... shall result in the assessment of a penalty....
[[Image here]]
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.

. Louisiana Revised Statutes 23:1209 C provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.